1  Renee Choy Ohlendorf (SBN 263939)
   rchoy@hinshawlaw.com
2  HINSHAW & CULBERTSON LLP
   One California Street, 18th Floor
3  San Francisco, CA 94111
   Telephone:   415-362-6000
4  Facsimile:   415-834-9070

5  Attorneys for Defendant GC Services Limited Partnership

6

7

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11 | Caren Siegel,                              | Case No. CaseNumber
12 |        Plaintiff,                          | **DEFENDANT GC SERVICES LIMITED PARTNERSHIP'S NOTICE OF REMOVAL**
13 |        vs.                                 |
14 | GC Services Limited Partnership; Does 1-10 | Complaint Filed:  April 11, 2017
   | inclusive,                                 |
15 |                                            |
   |        Defendants.                         |
16

17

18     **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

19     **PLEASE TAKE NOTICE THAT** pursuant to the provisions of 28 U.S.C. §§1441(a) and

20  1446, Defendant GC SERVICES LIMITED PARTNERSHIP, ("Defendant") hereby removes to this

21  Court the state action currently pending in the Sonoma County Superior Court of California,

22  described more fully below:

23     1.    On April 11, 2017, a civil action was commenced in the Superior Court of the State of

24  California, in and for the County of Sonoma, entitled *Caren Siegel v. GC Services, Limited

25  Partnership*, and pending under Case No. MCV-240960.

26     2.    In light of the pendency in Sonoma County, the United States District Court for the

27  Northern District of California is the proper forum for removal pursuant to 28 U.S.C. §§84(a) and

28  1441(a).

3. The Complaint asserts a federal cause of action against Defendant for purported violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*., and may be removed to this Court pursuant to 28 U.S.C. §1446(b) because it invokes federal question jurisdiction. This Court may exercise supplemental jurisdiction over the remaining claim for purported violation of the Rosenthal Fair Debt Collection Practices Act, *California Civil Code* §1788, *et seq*., pursuant to 28 U.S.C. §§1367(a) and 1441(c).

4. On April 20, 2017, Defendant was served with a copy of the Summons, Civil Case Cover Sheet, Complaint, Notice of Assignment to One Judge for All Purposes, Notice of Case Management Conference and Order to Show Cause, true and correct copies of which are collectively attached hereto as **Exhibit A** and incorporated herein by this reference. The aforementioned documents constitute true and correct copies of all process, pleadings and orders served upon Defendant.

5. This Notice was filed with the Clerk of the United States District Court within thirty (30) days after service of the Complaint was effectuated upon Defendant. It is therefore timely under 28 U.S.C. §1446(b).

Dated: May 18, 2017                         HINSHAW & CULBERTSON LLP

                                            By: /s/ *Renee Choy Ohlendorf*
                                                Renee Choy Ohlendorf
                                                Attorneys for Defendant GC Services Limited Partnership

# CERTIFICATE OF SERVICE

**Caren Siegel v. GC Services Limited Partnership; Does 1-10 inclusive**

CaseNumber

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO:

I am a citizen of the United States and employed in San Francisco, California, at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business address is One California Street, 18th Floor, San Francisco, California 94111.

On May 18, 2017, I served the document(s) entitled **DEFENDANT GC SERVICES LIMITED PARTNERSHIP'S NOTICE OF REMOVAL**, on the interested parties in this action by placing true copies thereof enclosed in a sealed envelope(s) addressed as stated below:

☒ **(BY MAIL):** I deposited such envelope in the mail at San Francisco, California with postage fully prepaid. I am readily familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California, in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

**Counsel for Plaintiff – Caren Siegel**
Todd M. Friedman
Adrian R. Bacon
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., #780
Oxnard Hills, CA  91367
Tel: (877-206-4741; Fax: (866) 633-0228
tfriedman@toddflaw.com; abacon@toddflaw.com

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on May 18, 2017, at San Francisco, California.

      /s/ Nancy Fox
      Nancy Fox